The opinion of the court was delivered by
Miller, J.
The accused sentenced for the murder of Miles Ham - mond takes this appeal.
It appears from the bills that the accused and Pressly Stevens were engaged in a difficulty and that Miles Hammond, endeavoring it is stated to separate the combatants, was stabbed and killed. Whether the fatal stab was by the accused indicted for the killing or by Pressly Stevens, was the subject of conflicting testimony. The court charged the jury if they were satisfied the fatal blow was inflicted by Stevens and not by the accused, they must acquit. The court further charged if after considering all the testimony the jury had any reasonable doubt as to the guilt of the prisoner, it was their duty to acquit. Counsel for the accused requested the additional charge that in order to convict, the jury must be satisfied beyond a reasonable doubt the fatal blow was inflicted by the accused, which the court refused to give, stating in the presence of the jury it was not good *1626 law, “ as the reasonable doubt had to result from the consideration of all the facts of the case. Exceptions were reserved to the charge as given and to that refused. The rule for new trial was based on the alleged misdirection in the main charge, the refusal to give that requested, and on the statement of the trial judge in refusing to give the instructions asked. The judge in signing the bill states that the verdict was sustained by the testimony; that but a small portion of the charge is contained in the bill and it is needless for him to say anything in regard to it, and he adds at the time of giving the charge deemed objectionable he thought it favorable to the accused.
On behalf of the accused it is urged that stating to the jury if they were satisfied the fatal blow was inflicted by Stevens and not by the prisoner, they must acquit, carried the implication if not thus satisfied they must convict the accused. The burden of proof was on the State to establish the guilt of the accused beyond a reasonable doubt, and even if the jury were not satisfied that Stevens gave the stab, they could not convict the accused unless satisfied beyond reasonable doubt of his guilt. It is urged this part of the charge was calculated to limit the consideration of the jury to the question whether the proof was satisfactory that Stevens stabbed the deceased, and we appreciate that if the testimony left it doubtful whether the stab was by Stevens or the accused, he was entitled to the benefit of the doubt. It is claimed that any implication unfavorable to the accused that could be deemed to arise from that portion of the charge the subject of complaint was corrected by the proposition given to the jury that to convict they must be satisfied beyond a reasonable doubt of the guilt of the accused. It is urged on behalf of the accused that an erroneous charge although modified or changed by other instructions is still objectionable. 3 Wharton Orim. Law, par. 3248. But any difficulty we might have on this branch of the case is subordinated to that we encounter on another phase of the exception.
The court had made the question whether Stevens gave the stab the subject of a special charge. If it was proper to instruct that the jury should acquit if satisfied Stevens gave the stab, it was natural that on behalf of the accused the instructions should have been asked that to convict they must be satisfied the stab was by the accused. The requested charge corrected any inference unfavorable to the accused the jury might otherwise draw from *1627 the proposition to which the exception was reserved. There could certainly be no conviction without proof beyond a reasonable doubt that the stab was by the accused and that was all the requested instruction affirmed. If the trial judge had simply declined the request the case would rest not on the issue whether he had not already given in substance the charge asked, but in refusing it he added, in the presence of the jury about to retire, that the proposition requested, that to convict there must be proof beyond a reasonable doubt that the accused gave the stab, was not the law. This was, we think, error. The State vs. Chandler, 5 An. 489. The addition that the reasonable doubt must result from all the circumstances was, in our view, no material qualification of the statement to the jury as to the indispensable requisite to conviction. The statement was well calculated to convey to the jury that, although not satisfied beyond a reasonable doubt the accused inflicted the fatal wound, they might still convict. If the charge taken as a whole with the refusal of that asked, and the addition of the trial judge in announcing his refusal tended to produce a wrong impression on the jury to the prejudice of the accused, the verdict can not stand. That the accused can not be convicted without proof beyond a reasonable doubt of his guilt should be left in no uncertainty by the charge, and if the instruction as to that requisite for conviction is calculated bo mislead the accused is entitled to relief and a new trial.
It is therefore ordered, adjudged and decreed that the sentence of the accused be set aside, and he be held for another trial.